**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MPHJ TECHNOLOGY INVESTMENTS, LLC | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL REQUESTED** |
| HUHTAMAKI AMERICAS, INC. | |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MPHJ Technology Investments, LLC ("MPHJ"), by way of Complaint against

Defendant Huhtamaki Americas, Inc., hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2.      Plaintiff MPHJ is a limited liability company organized under the laws of the

State of Delaware with a place of business at 1013 Centre Road, Suite 403S, Wilmington,

Delaware 19805.

3.      On information and belief, Defendant Huhtamaki Americas, Inc., is a corporation

organized under the laws of the State of Delaware, and may be served by serving its Registered

Agent, National Registered Agents, Inc. at 160 Greentree Drive, Suite 101, Dover, Delaware

19904.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

6.      This Court has personal jurisdiction over Defendant at least because Defendant has ongoing and systematic contacts with this District and the United States. Specifically, Defendant is a corporation organized under the laws of Delaware, has a registered agent for service of process in Delaware, and has at least thereby availed itself of the privileges and protections of the laws of the State of Delaware.

## THE PATENTS-IN-SUIT

7.      On July 16, 2013, United States Patent No. 8,488,173, entitled "Distributed Computer Architecture and Process for Document Management," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '173 Patent is attached as Exhibit A1 to this Complaint.

8.      On January 13, 2009, United States Patent No. 7,477,410, entitled "Distributed Computer Architecture and Process for Virtual Copying," was duly and legally issued by the USPTO. A true and correct copy of the '410 Patent is attached as Exhibit A2 to this Complaint.

9.      Plaintiff MPHJ is the assignee and owner of the right, title and interest in and to the '173 Patent, including the right to assert all causes of action arising under said Patent and the right to any remedies for infringement of it.

10.     Plaintiff MPHJ is the assignee and owner of the right, title and interest in and to the '410 Patent, including the right to assert all causes of action arising under said Patent and the right to any remedies for infringement of it.

11.     Canon, Inc. has entered into an agreement with MPHJ that includes certain provisions for the benefit of Canon customers.  One provision is a covenant-not-to-sue for the benefit of any company otherwise infringing the Patents, which applies only where all of the scanners or MFPs that are part of any infringing system of that company are Canon Products. On information and belief, this provision is not applicable to Defendant.

12.     A second provision of the Canon agreement is that MPHJ shall not seek damages for the portion of any infringing system used by Defendant that may be attributable on a pro rata basis to a Canon scanner or MFP product.   To the extent any system of Defendant may be the beneficiary of this provision, the claims for relief made herein in this Complaint should be considered modified accordingly.

13.     Sharp Corporation has entered into an agreement with MPHJ that includes certain provisions for the benefit of Sharp customers.  One provision is a covenant-not-to-sue for the benefit of any company otherwise infringing the Patents, which applies only where all of the scanners or MFPs that are part of any infringing system of that company are Sharp Products.  On information and belief, this provision is not applicable to Defendant.

14.     A second provision of the Sharp agreement is that MPHJ shall not seek damages for the portion of any infringing system used by Defendant that may be attributable on a pro rata basis to a Sharp scanner or MFP product.   To the extent any system of Defendant may be the beneficiary of this provision, the claims for relief made herein in this Complaint should be considered modified accordingly.

## BACKGROUND

15.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in Paragraphs 1-14 above, and further alleges as follows.

16.     On information and belief, Defendant Huhtamaki Americas is a company that makes packaging and container products for the North American market.

17.     On information and belief, Defendant Huhtamaki Americas has approximately 400 employees.

18.     On information and belief, since at least 2009, Defendant Huhtamaki Americas has owned and operated at least one system capable of transmitting electronic images, graphics, and/or documents via a communications network from a network addressable scanner, digital copier, or other multifunction peripheral to destination devices that would infringe at least one claim each of the '173 Patent and the '410 Patent.

19.     On information and belief, Defendant Huhtamaki Americas owns and operates at least one IT system for which the following allegations are true and accurate, even if particular components, connections, or functionality have changed or been modified over time. The allegations contained herein on information and belief relate both to any such prior systems, and also the current version of such system, which together shall be referred to herein as the "Huhtamaki Americas IT System."

20.     On information and belief, the Huhtamaki Americas IT System, in part, uses software and hardware from Xerox Corporation, including but not limited to, Xerox SMARTdocument Travel and Xerox DocuShare. *See* Case Study Huhtamaki, attached hereto and incorporated as Exhibit B1.

21.     On information and belief, the Huhtamaki Americas IT System, in part, also uses software from Notable Solutions, Inc. ("NSi"), including OpenForms 360. Ex. B1.

22.     On information and belief, the Huhtamaki Americas IT System is capable of scanning a document and sending it to multiple locations. Ex. B1

23.     On information and belief, the Huhtamaki Americas IT System includes at least sixteen Xerox multifunction printers ("MFPs"). Ex. B1.

24.     On information and belief, the Huhtamaki Americas IT System includes the ability to scan and send documents as electronic images directly into email software applications operating on PCs connected to the system. *See* SMARTdocument Travel Brochure, attached hereto and incorporated as Exhibit B2; SMARTdocument Travel website, attached hereto and incorporated as Exhibit B3.

25.     On information and belief, Defendant Huhtamaki Americas uses the Huhtamaki Americas IT System to scan or capture thousands of images per day into application software operating on destination devices connected to the network. Ex. B1.

26.     On information and belief, Defendant Huhtamaki Americas' employees using the Huhtamaki Americas IT System report saving 4 to 6 hours per week from using the system. Ex. B1.

27.     On information and belief, Defendant Huhtamaki Americas, together with employees, agents, consultants, and subcontractors under its control, acquired the components of and then assembled the Huhtamaki Americas IT System.

28.     On information and belief, Defendant Huhtamaki Americas has used and continues to use the Huhtamaki Americas IT System in its business activities. Ex. B1.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,488,173

29.     On information and belief, the Huhtamaki Americas IT System and/or the use of such system infringes one or more claims of the '173 Patent, including the claims specifically referenced in the following paragraphs.

**A.      Claim 1 of the '173 Patent**

30.      For its first claim for relief, Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

31.      On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 1 of the '173 Patent.

32.      The preamble of Claim 1 of the '173 Patent recites:

> A system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices, local files and applications responsively connectable to at least one communication network, comprising:

33.      On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

34.      On information and belief, as set forth in more detail herein, the Huhtamaki Americas IT System made and used by Defendant is "a system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices, local files and applications responsively connectable to at least one communication network."

35.      On information and belief, the Huhtamaki Americas IT System made and used by Defendant satisfies the elements of this preamble, at least in part because the system includes "a connected network," including copiers, scanners, MFPs, and server-based software, that permits the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

36.      On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System there are, among the plurality of external destinations, one

or more external devices, local files and applications that are responsively connectable to at least one communication network.

37.     On information and belief, these devices, files and applications include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. *See, e.g.,* Ex. B1; Ex. B2; Ex. B3; Xerox DocuShare website attached hereto as Exhibit B4.

38.     On information and belief, these devices, files and applications are connected by at least one communication network that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B3; Ex. B4.

39.     A first element of Claim 1 of the '173 Patent requires:

> at least one network addressable scanner, digital copier or other multifunction peripheral capable of rendering at least one of said electronic image, electronic graphics and electronic document in response to a selection of a Go button;

40.     On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant includes "at least one network addressable scanner, digital copier or other multifunction peripheral capable of rendering at least one of said electronic image, electronic graphics and electronic document in response to a selection of a Go button."

41.     On information and belief, such devices are expressly stated to be owned by Huhtamaki Americas. Ex. B1.

42.     On information and belief, such devices are "capable of rendering at least one of said electronic image, electronic graphics and electronic document in response to a selection of a Go button." Ex. B1; Ex. B2.

43.     On information and belief, modern scanners and MFPs all commonly permit scanning, and thereby rendering an image, with the selection of a single button, which is referred to in Claim 1 of the '173 Patent as a "Go button."

44.     On information and belief, the Huhtamaki Americas IT System includes Xerox MFPs and utilizes Xerox SMARTdocument Travel software.  Ex. B1.

45.     On information and belief, together, these Xerox MFPs and the Xerox SMARTdocument Travel software enable "one-touch scanning" directly to an application. Ex. B1; Ex. B2.

46.     A second element of Claim 1 of the '173 Patent requires:

> at least one memory storing a plurality of interface protocols for interfacing and communicating;

47.     On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System includes "at least one memory storing a plurality of interface protocols for interfacing and communicating."

48.     On information and belief, implementation of said protocols is a requirement for devices in the Huhtamaki Americas IT System to communicate and interface with external devices and applications.

49.     On information and belief, the admitted existence of communication within the Huhtamaki Americas IT System, as per Exhibit B1, requires that Huhtamaki Americas MFPs be internetworked with all of the Huhtamaki Americas IT System's devices and applications and must implement said interface protocols across this internetwork between said devices and applications.

50.     On information and belief, said protocols are temporarily stored throughout the process of their assembly within the MFP's internal memory (RAM), and enable functionality such as the ability to transmit an image from said scanning device to a specified destination.

51.     On information and belief, when connected to the Huhtamaki Americas IT System's internetwork, the stored protocols allow said scanning device to interface and communicate with other previously identified network devices.

52.     A third element of Claim 1 of the '173 Patent requires:

> at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications,

53.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications."

54.     On information and belief, implementation of said protocols is a requirement for devices in the Huhtamaki Americas IT System to communicate and interface with external devices and applications.

55.     On information and belief, the admitted existence of communication between electronic devices and applications composing the Huhtamaki Americas IT System, as per Exhibit B1, indicates that Huhtamaki Americas MFPs will be internetworked with at least some of the Huhtamaki Americas IT System's devices and applications and will implement at least some of said interface protocols across this internetwork between said devices and applications.

56.     On information and belief, said protocols are handled via the MFPs internal processor (CPU), which is "connectable to said at least one memory" and enables functionality such as the ability to transmit an image from said scanning device to a specified destination.

57.     On information and belief, when connected to the Huhtamaki Americas IT System's internetwork, the stored protocols allow at least one scanning device to interface and communicate with other network devices and applications.

58.     A fourth element of Claim 1 of the '173 Patent requires:

> wherein one of said plurality of interface protocols is employed when one of said external destinations is email application software;

59.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "one of said plurality of interface protocols is employed when one of said external destinations is email application software."

60.     On information and belief, the Huhtamaki Americas IT System includes a corporate email system. Ex. B1.

61.     On information and belief, an interface protocol such as, for example, SMTP, would be implemented at least when using the "Send to Email" functionality in SMARTdocument Travel software. Ex. B1; Ex. B2; *see also* NSi AutoStore website excerpt attached hereto and incorporated as Exhibit B5.

62.     A fifth element of Claim 1 of the '173 Patent requires:

> wherein a second of said plurality of interface protocols is employed when the one of said external destinations is a local file;

63.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "a second of said plurality of interface protocols is employed when the one of said external destinations is a local file."

64.     On information and belief, such "second of said plurality of interface protocols" would be employed, for example, when utilizing the send-to-folder and send-to-my-home-directory features integrated into SMARTdocument Travel software. Ex. B2; *see also* NSi AutoStore Administrator Guide excerpt attached hereto and incorporated as Exhibit B6.

65.     On information and belief, the interface protocols to transmit electronic documents such as referred to in the preceding paragraph to the local file may include, for example, FTP and SMB.

66.     A sixth element of Claim 1 of the '173 Patent requires:

> wherein a plurality of said external destinations is in communication with said at least one network addressable scanner, digital copier or other multifunction peripheral over a local area network;

67.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "a plurality of said external destinations is in communication with said at least one network addressable scanner, digital copier or other multifunction peripheral over a local area network."

68.     On information and belief, the Huhtamaki Americas IT System utilizes SMARTdocument Travel software. Ex. B1.

69.     On information and belief, communication "over a local area network" between said "plurality of external destinations" and said "at least one network addressable scanner, digital copier or other multifunction peripheral" will be implemented to facilitate

SMARTdocument Travel software functionality that enables scanning to network folders, including in the Huhtamaki Americas IT System. Ex. B2; Ex. B3.

70.    A seventh element of Claim 1 of the '173 Patent requires:

> wherein at least one of said external destinations receives said electronic image, electronic graphics and electronic document as a result of a transmission over the at least one communication network;

71.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "at least one of said external destinations receives said electronic image, electronic graphics and electronic document as a result of a transmission over the at least one communication network."

72.    On information and belief, said limitation is met when, as mentioned above, at least one of the external destinations in communication with the Huhtamaki Americas IT System, such as FTP sites, network folders, or email boxes, receive the electronic image, electronic graphics and electronic document as a result of a transmission over a communication network. Ex. B1; Ex. B2.

73.    An eighth element of Claim 1 of the '173 Patent requires:

> a printer other than said at least one network addressable scanner, digital copier or other multifunction peripheral;

74.    On information and belief, in the Huhtamaki Americas IT System made and used by Defendant there is "a printer other than said at least one network addressable scanner, digital copier or other multifunction peripheral."

75.    On information and belief, in addition to the at least 16 MFPs operated as part of the Huhtamaki Americas IT System, Huhtamaki Americas employs a number of other output devices including, for example, printers. Ex. B1; s*ee also* LinkedIn Profile of Thomas Tilden attached hereto and incorporated as Exhibit B7.

76.    A ninth element of Claim 1 of the '173 Patent requires:

wherein, in response to the selection of said Go button, an electronic document management system integrates at least one of said electronic image, electronic graphics and electronic document using software so that said electronic image, electronic graphics and electronic document gets seamlessly replicated and transmitted to at least one of said plurality of external destinations;

77.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "in response to the selection of said Go button, an electronic document management system integrates at least one of said electronic image, electronic graphics and electronic document using software so that said electronic image, electronic graphics and electronic document gets seamlessly replicated and transmitted to at least one of said plurality of external destinations."

78.    On information and belief, Huhtamaki Americas has a system with the features recited in the preceding paragraph, including, for example, the feature permitting "one-touch scanning into document management systems such as Xerox DocuShare, MS Sharepoint and Interwoven." Ex. B2.

79.    A tenth element of Claim 1 of the '173 Patent requires:

wherein at least one of said electronic image, electronic graphics and electronic document is processed by said at least one network addressable scanner, digital copier or other multifunction peripheral into a file format, and wherein a plurality of said external destinations are compatible with said file format without having to modify said external destinations;

80.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "at least one of said electronic image, electronic graphics and electronic document is processed by said at least one network addressable scanner, digital copier or other multifunction peripheral into a file format,

and wherein a plurality of said external destinations are compatible with said file format without having to modify said external destinations."

81.     On information and belief, Huhtamaki Americas has a system with these features, including, for example, the stated ability to "[c]apture different types of content . . . and transform them into searchable PDF format without using additional client software at each desktop" and to "capture, process, and route [documents] to various applications." Ex. B2.

82.     An eleventh element of Claim 1 of the '173 Patent requires:

> wherein upon said replication and seamless transmission to at least one of said external destinations, said electronic image, electronic graphics and electronic document is communicable across a network to at least three other of said external destinations, and is optionally printable by said printer.

83.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "upon said replication and seamless transmission to at least one of said external destinations, said electronic image, electronic graphics and electronic document is communicable across a network to at least three other of said external destinations, and is optionally printable by said printer."

84.     On information and belief, the Huhtamaki Americas IT System exhibits this functionality at least through its use of the SMARTdocument Travel software, including, for example, having at least the feature that permits "having all the delivery requirements for a document specified from one location," and that permits "[s]end[ing documents] to email addresses, network folders, printers, databases, faxes – and more." Ex. B1; Ex. B2.

**B.      Claim 2 of the '173 Patent**

85.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

86.     On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 2 of the '173 Patent.

87.     Claim 2 adds the following additional requirement:

> wherein as a result of the implementing of one or more of said plurality of interface protocols in said system, said electronic image, electronic graphics and electronic document gets seamlessly transmitted to a commercially-available software package for business electronic mail exchange running as an application on said communication network.

88.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "as a result of the implementing of one or more of said plurality of interface protocols in said system, said electronic image, electronic graphics and electronic document gets seamlessly transmitted to a commercially-available software package for business electronic mail exchange running as an application on said communication network."

89.     On information and belief, the Huhtamaki Americas IT System includes at least one "commercially-available software package for business electronic mail exchange running as an application on said communication network," for example Lotus Notes. *See* LinkedIn Profile of Nick Welter attached hereto and incorporated as Exhibit B8.

90.     On information and belief, the Huhtamaki Americas IT System would store and execute an interface protocol such as, for example, SMTP, when using the "Send to Email" functionality in SMARTdocument Travel software. Ex. B1; Ex. B2; Ex. B5.

91.     On information and belief, the Huhtamaki Americas IT System permits the capture and transmission of documents to Lotus Notes via SMARTdocument Travel software. Ex. B2.

**C.      Claim 3 of the '173 Patent**

92.      Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

93.      On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 3 of the '173 Patent.

94.      Claim 3 adds the following additional requirement:

The system of claim 2, wherein as a result of the implementation of one or more of said plurality of interface protocols in said system, said electronic image, electronic graphics and electronic document gets seamlessly transmitted to said local file accessible by one or more applications other than said software package for business electronic mail exchange.

95.      On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "as a result of the implementation of one or more of said plurality of interface protocols in said system, said electronic image, electronic graphics and electronic document gets seamlessly transmitted to said local file accessible by one or more applications other than said software package for business electronic mail exchange."

96.      On information and belief, the Huhtamaki Americas IT System would store and execute interface protocols such as, for example, FTP and/or SMB, when transmitting scanned images into local files accessible by applications other than email applications.

97.      On information and belief, an available feature within the Huhtamaki Americas IT System enables a scanned document to be transmitted to a local file known as a "HomeDirectory" file. Ex. B2.

98.      On information and belief, in the Huhtamaki Americas IT System, said HomeDirectory file or a similar file can be a local file and will be accessible to

SMARTdocument Travel and other software, in order for documents to be sent to said local file. Ex. B1; Ex. B2.

**D.     Claim 4 of the '173 Patent**

99.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

100.     On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 4 of the '173 Patent.

101.     The preamble of Claim 4 of the '173 Patent recites:

> A method of managing at least one of an electronic image,
> electronic graphics or electronic document comprising the steps of,
> in any order:

102.     Whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

103.     On information and belief, as set forth in more detail in the following paragraph, use of the Huhtamaki Americas IT System made and used by Defendant includes "a method of managing at least one of an electronic image, electronic graphics or electronic document."

104.     On information and belief, some of the stated purposes of the Huhtamaki Americas IT System include to digitize paper documents, automate invoice processing systems, and coordinate document distribution (Ex. B1), which will involve at least a method of imaging at least one of an electronic image, electronic graphics or electronic document.

105.     A first element of Claim 4 of the '173 Patent requires:

> (a) transmitting a plurality of any of said electronic image, electronic graphics or
> electronic document from a source address to a plurality of external destinations
> including one or more of external devices, local files and applications responsive
> to said source address using at least one communication network;

106.     On information and belief, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the "transmi[ssion of] a plurality of any of said electronic image, electronic graphics or electronic document from a source address to a plurality of external destinations including one or more of external devices, local files and applications responsive to said source address using at least one communication network."

107.     On information and belief, users of the Huhtamaki Americas IT System can and do perform this step when utilizing the various capabilities of the Huhtamaki Americas IT System, including the capability of the system to permit "[d]istribution of documents is [made] faster by scanning once and sending to multiple locations." Ex. B1.

108.     SMARTdocument Travel software, a component of the Huhtamaki Americas IT System, enables a user to scan a document and "[s]end to email addresses, network folders, printers, databases, faxes – and more." Ex. B2

109.     A second element of Claim 4 of the '173 Patent requires:

> (b) rendering said plurality of any of said electronic image, electronic graphics or electronic document by a network addressable scanner, digital copier or other multifunction peripheral located at said source address;

110.     On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes "rendering said plurality of any of said electronic image, electronic graphics or electronic document by a network addressable scanner, digital copier or other multifunction peripheral located at said source address."

111.     On information and belief, users of the Huhtamaki Americas IT System at least perform this step when they cause the system to "[s]can [documents] once and send to multiple locations" and thereby render a plurality of images at an MFP located at the source address. Ex. B2.

112.     On information and belief, users of the Huhtamaki Americas IT System can and do perform this step when utilizing the various capabilities of the Huhtamaki Americas IT System, including that "[d]istribution of documents is [made] faster by scanning once and sending to multiple locations." Ex. B1.

113.     A third element of Claim 4 of the '173 Patent requires:

> (c) communicatively linking said scanner, digital copier or other multifunction peripheral with said plurality of said external destinations via application-level interface protocols;

114.     On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes "communicatively linking said scanner, digital copier or other multifunction peripheral with said plurality of said external destinations via application-level interface protocols."

115.     On information and belief, the Huhtamaki Americas IT System links the MFPs with a "plurality of said external destinations" such as email boxes, FTP sites, and/or networked folders via application-level interface protocols such as, for example, SMTP, FTP, and HTTP. Ex. B1; Ex. B2.

116.     A fourth element of Claim 4 of the '173 Patent requires:

(d) interfacing between at least one of said scanner, digital copier or other multifunction peripheral and email application software using a first of said interface protocols;

117.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes having an "interfac[e] between at least one of said scanner, digital copier or other multifunction peripheral and email application software using a first of said interface protocols."

118.    On information and belief, users of the Huhtamaki Americas IT System at least perform this step when utilizing the "Send to Email" functionality in SMARTdocument Travel software and when capturing content from email boxes using a protocol associated with those applications. Ex. B1; Ex. B2.

119.    On information and belief, the first of said interface protocols would include protocols, such as, for example, SMTP, POP, IMAP, and/or MIME.

120.    A fifth element of Claim 4 of the '173 Patent requires:

(e) interfacing between at least one of said scanner, digital copier or other multifunction peripheral and a local file using a second of said interface protocols;

121.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes having an "interfac[e] between at least one of said scanner, digital copier or other multifunction peripheral and a local file using a second of said interface protocols."

20

122.    On information and belief, users of the Huhtamaki Americas IT System at least perform this step when utilizing the "Send to My Home Directory" functionality in SMARTdocument Travel software and when content is captured from Huhtamaki Americas network folders. Ex. B1; Ex. B2.

123.    On information and belief, the second of said interface protocols would include protocols such as, for example FTP, SMB, COM and/or DCOM.

124.    A sixth element of Claim 4 of the '173 Patent requires:

> (f) communicating over a local area network between said at least one of said scanner, digital copier or other multifunction peripheral and said plurality of said external destinations;

125.    On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes "communicat[ing] over a local area network between said at least one of said scanner, digital copier or other multifunction peripheral and said plurality of said external destinations."

126.    On information and belief, users of the Huhtamaki Americas IT System at least perform this step when documents are scanned and distributed to business applications and/or captured from Huhtamaki Americas' "FTP sites, email boxes, and network folders." Ex. B1; Ex. B2.

127.    A seventh element of Claim 4 of the '173 Patent requires:

> (g) transmitting a first electronic image, electronic graphics or electronic document from said at least one of said scanner, digital copier or other multifunction peripheral to at least one of said external destinations where at least a portion of said transmitting of step (g) occurs by communicating via Internet, and using one or more of said interface protocols;

128.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the "transmi[ssion of] a first electronic image, electronic graphics or electronic document from said at least one of said scanner, digital copier or other multifunction peripheral to at least one of said external destinations where at least a portion of said transmitting of step (g) occurs by communicating via Internet, and using one or more of said interface protocols."

129.    On information and belief, users of the Huhtamaki Americas IT System at least perform this step when, for example, they scan and transmit documents to "coordinate document distribution between multiple countries and continents." Ex. B1.

130.    On information and belief, users of the Huhtamaki Americas IT System at least perform this step when, for example, they scan and transmit documents to at least one external destination or at least a portion of that transmission occurs via the Internet, and uses transmission protocols that are stored and executed by the Huhtamaki Americas IT System, including IPSec, VPN, and SSL protocols. *See* Linked In Profile of Chris Thomas attached hereto and incorporated as Exhibit B9.

131.    An eighth element of Claim 4 of the '173 Patent requires:

> (h) integrating via at least one processor communicatively coupled with said at least one of said scanner, digital copier or other multifunction peripheral, a second electronic image, electronic graphics or electronic document so that said second electronic image, electronic graphics or electronic document gets seamlessly replicated and transmitted to at least one of said plurality of said external destinations;

132.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a

method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the "integrat[ion] via at least one processor communicatively coupled with said at least one of said scanner, digital copier or other multifunction peripheral, a second electronic image, electronic graphics or electronic document so that said second electronic image, electronic graphics or electronic document gets seamlessly replicated and transmitted to at least one of said plurality of said external destinations."

133.    On information and belief, the Huhtamaki Americas IT System includes Xerox MFPs and servers running Xerox SMARTdocument Travel and DocuShare software. Ex. B1.

134.    On information and belief, moreover, the Huhtamaki Americas IT System also includes 1,600 Lotus Notes user email accounts (Ex. B7) as well as over 1,000 Windows based PCs in North America. *See* LinkedIn Profile of Doug Dudenhoffer attached hereto and incorporated as Exhibit B10.

135.    On information and belief, SMARTdocument Travel server-based software ordinarily must be "communicatively coupled" with the Xerox MFPs in order to provide its functionality. Ex. B3.

136.    On information and belief, additionally, software to operate the Xerox MFPs will include the use of a processor. Ex. B1.

137.    On information and belief, on the basis of the preceding allegations, the Huhtamaki Americas IT System includes at least one processor communicatively coupled with at least a scanner, digital copier or multifunction peripheral, and a plurality of external destinations, and users of the Huhtamaki Americas IT System can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the step of "integrating via at least one processor communicatively coupled with at least one of a

scanner, digital copier or multifunction peripheral, a second electronic image, electronic graphics or electronic document so that said second electronic image, electronic graphics or electronic document gets seamlessly replicated and transmitted to at least one of said plurality of said external destinations."

138.    A ninth element of Claim 4 of the '173 Patent requires:

> (i) processing via said at least one processor said plurality of any of said electronic image, electronic graphics or electronic document into a uniform file format, wherein said plurality of said external destinations are compatible with said format without having to modify said external destinations;

139.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant "process[] via said at least one processor said plurality of any of said electronic image, electronic graphics or electronic document into a uniform file format, wherein said plurality of said external destinations are compatible with said format without having to modify said external destinations."

140.    On information and belief, Huhtamaki Americas utilizes email boxes and network folders (external destinations). Ex. B1.

141.    On information and belief, the Huhtamaki Americas IT System utilizes SMARTdocument Travel software, and can send electronic images, electronic graphics or electronic documents to "email addresses, network folders, printers, databases, faxes – and more" (external destinations) without modifying the destination. *See* Ex. B1; Ex. B2.

142.    On information and belief, the Huhtamaki Americas IT System utilizes SMARTdocument Travel software, and can convert scanned images into uniform file formats including, for example, industry standard formats such as PDF, WORD and XML. Ex. B2.

143.    On information and belief, users of the Huhtamaki Americas IT System can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes using the capability of the Huhtamaki Americas IT System to process a document into a uniform file format that is compatible with the external destinations without having to modify said external destinations, including such uniform file formats as PDF, WORD and XML.

144.    A tenth element of Claim 4 of the '173 Patent requires:

> (j) seamlessly transmitting said first or second electronic image, electronic graphics or electronic document over said network from a first external destination to another of said external destinations.

145.    On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant "seamlessly transmit[] said first or second electronic image, electronic graphics or electronic document over said network from a first external destination to another of said external destinations."

146.    On information and belief, users of the Huhtamaki Americas IT System can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes causing the"seamless transmi[ssion of] said first or second electronic image, electronic graphics or electronic document over said network from a first external destination to another of said external destinations" when they cause the system to execute its capability of capturing content from external destinations such as Huhtamaki Americas' "FTP sites, email boxes, and network folders" and to "deliver that content to Xerox DocuShare," or another external destination. Ex. B1.

**E.      Claim 5 of the '173 Patent**

147.      Plaintiff MPHJ re-alleges and incorporates herein all allegations made in in the preceding paragraphs, and further alleges as follows.

148.      On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 5 of the '173 Patent.

149.      Claim 5 adds the following additional requirement:

> The method of claim 4, wherein said at least one communication of step (a) includes at least one local area network and wherein said integrating step (h) includes seamlessly transmitting at least one of said first or second electronic image, electronic graphics or electronic document to at least one commercially-available software package for business electronic mail exchange running as an application on said at least one local area network.

150.      On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant perform "the method of Claim 4, wherein said at least one communication of step (a) includes at least one local area network and wherein said integrating step (h) includes seamlessly transmitting at least one of said first or second electronic image, electronic graphics or electronic document to at least one commercially-available software package for business electronic mail exchange running as an application on said at least one local area network."

151.      On information and belief, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the step recited in the preceding paragraph by causing the Huhtamaki Americas IT System to execute its capability to seamlessly transmit, over a Local Area Network, "by scanning once and sending to multiple locations" including "distribution to virtually all business applications" and "capture from Huhtamaki's FTP sites, email boxes and network folders." Ex. B1; Ex. B2.

**F.     Claim 6 of the '173 Patent**

152.   Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

153.   On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 6 of the '173 Patent.

154.   Claim 6 adds the following additional requirement:

> The method of Claim 4, where one or more steps occur in response to a selection of a single Go button.

155.   On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant performs "the method of Claim 4, where one or more steps occur in response to a selection of a single Go button."

156.   On information and belief, the Huhtamaki Americas IT System includes server-based SMARTdocument Travel software. Ex. B1.

157.   On information and belief, users of the Huhtamaki Americas IT System can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the step recited in the preceding paragraph when they cause the System to execute the features of SMARTdocument Travel software permitting "one-touch scanning into document management systems" and "one-touch scanning from a centrally controlled Xerox digital copier or MFP." Ex. B2.

**G.     Claim 7 of the '173 Patent**

158.   Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

159.   On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 7 of the '173 Patent.

160.    Claim 7 adds the following additional requirement:

> The method of Claim 6, including the additional step of seamlessly replicating and transmitting a third electronic image, electronic graphics or electronic document to a local industry-compatible file over a local area network.

161.    On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant "seamlessly replicat[e] and transmit[] a third electronic image, electronic graphics or electronic document to a local industry-compatible file over a local area network."

162.    On information and belief, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the step recited in the preceding paragraph by causing the Huhtamaki Americas IT System to employ Xerox SMARTdocument Travel software and MFPs to scan documents, transform them into industry-compatible files such as, for example, PDF, WORD, and/or XML, and send them to multiple locations including network folders. Ex. B1; Ex. B2.

## H.    Claim 8 of the '173 Patent

163.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

164.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 8 of the '173 Patent.

165.    Claim 8 adds the following additional requirement:

> The method of Claim 7, including the additional step of printing at least one of said electronic image, electronic graphics or electronic document from a printer other than said network addressable scanner, digital copier or other multifunction peripheral.

166.    On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant "print[] at least one of said electronic image, electronic graphics or electronic document from a printer other than said network addressable scanner, digital copier or other multifunction peripheral."

167.    On information and belief, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a method of managing at least one of an electronic image, electronic graphics or electronic document" which includes the step recited in the preceding paragraph by causing the Huhtamaki Americas IT System to employ features of the SMARTdocument Travel software to capture documents and send them to a printer other than the MFP that captured the document. Ex. B2.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,477,410

168.    On information and belief, the Huhtamaki Americas IT System, and/or the use of such system, infringes one or more claims of the '410 Patent, including the claims specifically referenced hereafter.

### A.    Claim 1 of the '410 Patent

169.    For its second claim for relief, Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

170.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 1 of the '410 Patent.

171.    The preamble of Claim 1 of the '410 Patent recites:

A computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and

applications responsively connectable at least one of locally and
via the Internet, comprising:

172.   On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

173.   On information and belief, as set forth in more detail herein, the Huhtamaki Americas IT System made and used by Defendant is "a computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet."

174.   On information and belief, the Huhtamaki Americas IT System made and used by Defendant satisfies the elements of this preamble, at least in part because the system includes "a connected network," including copiers, scanners, MFPs, and server-based software, that permits the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

175.   On information and belief, the Huhtamaki Americas IT System includes, among the plurality of external destinations, one or more of external devices, local files and applications that are responsively connectable to at least one locally and via the Internet.

176.   On information and belief, the devices, files and applications recited in the preceding paragraph include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

177.    On information and belief, the devices, files and applications as recited in the preceding paragraph are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

178.    On information and belief, the Huhtamaki Americas IT System is capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external devices comprising PCs, operating applications comprising email software.

179.    A first element of Claim 1 of the '410 Patent requires:

at least one memory storing a plurality of interface protocols for interfacing and communicating;

180.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one memory storing a plurality of interface protocols for interfacing and communicating."

181.    On information and belief, communication between devices in the Huhtamaki Americas IT System, or between devices in that system to devices external to the system will include the use of interface protocols. Ex. B1. Such protocols can include DCOM, COM, TCP/IP, and or HTTP.

182.    On information and belief, protocols such as those described in the preceding paragraph, will be stored in at least one memory in the Huhtamaki Americas IT System, including, for example, the internal memory of a multifunction peripheral, and such protocol will permit recited functionality, including, for example, the ability to transmit an image from said scanning device to a specified destination.

183.    On information and belief, when connected to the Huhtamaki Americas IT System's internetwork, stored protocols will be utilized to permit a scanning device to interface and communicate with other devices communicatively connected to the network.

184.    A second element of Claim 1 of the '410 Patent requires:

at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications,

185.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications."

186.    On information and belief, in the Huhtamaki Americas IT System, relevant devices will be communicatively internetworked with devices in the system and external to the system using interface protocols.

187.    On information and belief, in the Huhtamaki Americas IT System, there will be one or more processors that will be capable of, and will execute, interface protocols such as those referred to in the preceding paragraph.

188.    On information and belief, at least one processor in the Huhtamaki Americas IT System that will implement interface protocols can include, for example, the internal processor (CPU) of a MFP which is "connectable to said at least one memory" and enables functionality such as the ability to transmit an image from said MFP to a specified destination.

189.    On information and belief, the Huhtamaki Americas IT System will include stored interface protocols which, when implemented by at least one processor, will allow a scanning device to interface and communicate with other network devices and applications comprising external destinations.

190.    On information and belief, protocols such as those described in the preceding paragraph can include at least COM, DCOM, TCP/IP, and/or HTTP.

191.    A third element of Claim 1 of the '410 Patent requires:

> wherein the computer data management system includes the capability to integrate an image using software so that the image gets seamlessly replicated and transmitted to at least one of other devices and applications, and via the Internet.

192.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "the computer data management system includes the capability to integrate an image using software so that the image gets seamlessly replicated and transmitted to at least one of other devices and applications, and via the Internet."

193.    On information and belief, the Huhtamaki Americas IT System includes components which permit "automate[d] document capture, processing, and distribution to virtually all business applications" as well as permit capture content from "FTP sites, email boxes, and network folders." Ex. B1.

194.    On information and belief, the Huhtamaki Americas IT System includes components which permit the seamless replication and transmission of scanned documents "to email and fax servers, Secure FTP site, network folders, database and more." Ex. B2.

**B.    Claim 4 of the '410 Patent**

195.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

196.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 4 of the '410 Patent.

197.    Claim 4 adds the following additional requirement:

> A computer data management system according to Claim 1, wherein the computer data management system includes at least one application programmer interface.

198. On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant "includes at least one application programmer interface (API)."

199. On information and belief, the Huhtamaki Americas IT System includes the storage and implementation of DocuShare software. Ex. B1.

200. On information and belief, the existence of DocuShare software within the Huhtamaki Americas IT System causes that system to include a "[r]ich set of APIs." *See* Xerox DocuShare Development Network Brochure attached hereto and incorporated as Exhibit B11.

## C.   Claim 6 of the '410 Patent

201. Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

202. The Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 6 of the '410 Patent.

203. Claim 6 adds the following additional requirement:

> A computer data management system according to Claim 1, wherein the computer data management system includes at least one interface to interface with at least one of a plurality of external applications.

204. On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant consists of "a computer data management system according to Claim 1, wherein the computer data management system includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications."

205.    On information and belief, the Huhtamaki Americas IT System includes the storage and implementation of SMARTdocument Travel software.

206.    On information and belief, the existence of SMARTdocument Travel software, or other similar interface software, within the Huhtamaki Americas IT System causes that system to have "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

**D.    Claim 7 of the '410 Patent**

207.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

208.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 7 of the '410 Patent.

209.    Claim 7 adds the following additional requirement:

> A computer data management system according to Claim 1, wherein the computer data management system is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images.

210.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images."

211.    On information and belief, the Huhtamaki Americas IT System includes components which permit the above-recited functionality as it provides "real time document processing and availability" and further enables users to "automate document capture, processing and distribution to virtually all business applications" and to "scan[] once and send[] to multiple locations." Ex. B1; Ex. B2.

212.    On information and belief, such functionality would require the devices and applications to be linked together and in communication with each other.

**E.      Claim 8 of the '410 Patent**

213.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

214.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 8 of the '410 Patent.

215.    The preamble of Claim 8 of the '410 Patent recites as follows:

> A computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet, comprising:

216.    On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

217.    On information and belief, as set forth in more detail herein, the Huhtamaki Americas IT System made and used by Defendant is "a computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet."

218.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant satisfies the elements of this preamble, at least in part because the system includes "a connected network," including copiers, scanners, MFPs, and server-based software, that permits

the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

219.    On information and belief, the Huhtamaki Americas IT System includes, among the plurality of external destinations, one or more of external devices, local files and applications that are responsively connectable to at least one locally and via the Internet.

220.    On information and belief, these devices, files and applications include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

221.    On information and belief, these devices, files and applications are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

222.    A first element of Claim 8 of the '410 Patent requires:

at least one memory storing a plurality of interface protocols for interfacing and communicating;

223.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one memory storing a plurality of interface protocols for interfacing and communicating."

224.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the first element of Claim 8 is provided above in connection with the identically worded element of Claim 1.

225.    A second element of Claim 8 of the '410 Patent requires:

at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications,

226.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications."

227.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the second element of Claim 8 is provided above in connection with the identically worded element of Claim 1.

228.    A third element of Claim 8 of the '410 Patent requires:

> wherein the computer data management system includes the capability to integrate the electronic images into a destination application without the need to modify the destination application.

229.    On information and belief, as set forth in more detail in the following paragraph, the Huhtamaki Americas IT System made and used by Defendant "includes the capability to integrate the electronic images into a destination application without the need to modify the destination application."

230.    On information and belief, the Huhtamaki Americas IT System includes components which permit integration of electronic images into a destination application by permitting the system to "[c]apture different types of content . . . and transform them into searchable PDF format without using additional client software at each desktop" and to "capture, process, and route [documents] to various applications" without the need to modify the destination application. Ex. B2.

**F.      Claim 11 of the '410 Patent**

231.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

232.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 11 of the '410 Patent.

233.    Claim 11 adds the following additional requirement:

A computer data management system according to Claim 8, wherein the computer data management system includes at least one application programmer interface (API).

234.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "includes at least one application programmer interface (API)."

235.    On information and belief, the Huhtamaki Americas IT System stores and permits execution of DocuShare software. Ex. B1.

236.    On information and belief, DocuShare software includes a "[r]ich set of APIs." Ex. B11.

**G.      Claim 13 of the '410 Patent**

237.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

238.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 13 of the '410 Patent.

239.    Claim 13 adds the following additional requirement:

A computer data management system according to Claim 8, wherein the computer data management system includes at least one interface to interface with at least one of a plurality of external applications.

240.     On information and belief, as set forth in more detail in the following paragraph, the Huhtamaki Americas IT System made and used by Defendant "includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications."

241.     On information and belief, the Huhtamaki Americas IT System stores and implements SMARTdocument Travel software, and at least through the implementation of such software, for example, permits "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

**H.     Claim 14 of the '410 Patent**

242.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

243.     On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 14 of the '410 Patent.

244.     Claim 14 adds the following additional requirement:

> A computer data management system according to Claim 8, wherein the computer data management system is capable of at least one of linking and communicating with a plurality of external devices and a plurality of external applications.

245.     On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images."

246.     On information and belief, the Huhtamaki Americas IT System exhibits this functionality as it provides "real time document processing and availability" and further enables

users to "automate document capture, processing and distribution to virtually all business applications" and to "scan[] once and send[] to multiple locations." Ex. B1; Ex. B2.

247.    On information and belief, the above-described functionality ordinarily must be implemented by having the relevant devices and applications be linked together and in communication with each other.

## I.    Claim 15 of the '410 Patent

248.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

249.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 15 of the '410 Patent.

250.    The preamble of Claim 15 of the '410 Patent recites:

> A computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more external devices and applications responsively connectable at least one of locally and via the Internet, comprising:

251.    On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

252.    On information and belief, as set forth in more detail herein, the Huhtamaki Americas IT System made and used by Defendant is "a computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet."

253.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant satisfies the elements of this preamble, at least in part because the system includes "a connected network," including copiers, scanners, MFPs, and server-based software, that permits the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

254.    On information and belief, the Huhtamaki Americas IT System includes, among the plurality of external destinations, one or more of external devices, local files and applications that are responsively connectable to at least one locally and via the Internet.

255.    On information and belief, these devices, files and applications include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

256.    On information and belief, these devices, files and applications are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

257.    A first element of Claim 15 of the '410 Patent requires:

> at least one memory storing a plurality of interface protocols for interfacing and communicating;

258.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one memory storing a plurality of interface protocols for interfacing and communicating."

259.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the first element of Claim 15 is provided above in connection with the identically worded element of Claim 1.

260.    A second element of Claim 15 of the '410 Patent requires:

at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications,

261.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications."

262.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the second element of Claim 15 is provided above in connection with the identically worded element of Claim 1.

263.    A third element of Claim 15 of the '410 Patent requires:

wherein the computer data management system includes an interface that enables copying images between physical devices, applications, and the Internet using a single "GO" operation.

264.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System made and used by Defendant there is "an interface that enables copying images between physical devices, applications, and the Internet using a single "GO" operation."

265.    On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software, provides "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

266.    On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software enables

"one-touch scanning into document management systems" the ability to "scan once and send to multiple destinations," and further permits "[o]ne-touch scanning from a centrally controlled Xerox digital copier or MFP." Ex. B2.

**J.      Claim 18 of the '410 Patent**

267.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

268.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 18 of the '410 Patent.

269.    Claim 18 adds the following additional requirement:

A computer data management system according to Claim 15, wherein the computer data management system includes at least one application programmer interface (API).

270.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "includes at least one application programmer interface (API)."

271.    On information and belief, the Huhtamaki Americas IT System stores and permits execution of DocuShare software. Ex. B1.

272.    On information and belief, DocuShare software includes a "[r]ich set of APIs." Ex. B11.

**K.      Claim 20 of the '410 Patent**

273.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

274.    The Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 20 of the '410 Patent.

275.    Claim 20 adds the following additional requirement:

A computer data management system according to Claim 15, wherein the computer data management system includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications.

276.    On information and belief, as set forth in more detail in the following paragraph, the Huhtamaki Americas IT System made and used by Defendant "includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications."

277.    On information and belief, the Huhtamaki Americas IT System stores and implements SMARTdocument Travel software, and at least through the implementation of such software, for example, permits "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

**L.      Claim 21 of the '410 Patent**

278.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

279.    The Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 21 of the '410 Patent.

280.    Claim 21 adds the following additional requirement:

A computer data management system according to Claim 15, where the computer data management system is capable of at least one linking and communicating with a plurality of applications to enable a user to process files and electronic images.

281.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "is capable of at least one of

linking and communicating with a plurality of applications to enable a user to process files and electronic images."

282.    On information and belief, the Huhtamaki Americas IT System exhibits this functionality as it provides "real time document processing and availability" and further enables users to "automate document capture, processing and distribution to virtually all business applications" and to "scan[] once and send[] to multiple locations." Ex. B1; Ex. B2.

283.    On information and belief, the above-described functionality ordinarily must be implemented by having the relevant devices and applications be linked together and in communication with each other.

## M.    Claim 22 of the '410 Patent

284.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

285.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 22 of the '410 Patent.

286.    The preamble of Claim 22 of the '410 Patent recites:

> A computer data management system including at least one of an
> electronic image, graphics and document management system
> capable of transmitting at least one of an electronic image,
> electronic graphics and electronic document to a plurality of
> external destinations including one or more of external devices and
> applications responsively connectable at least one of locally and
> via the Internet, comprising:

287.    On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

288.    On information and belief, as set forth in more detail herein, the Huhtamaki Americas IT System made and used by Defendant is "a computer data management system

including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet."

289.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant satisfies the elements of this preamble, at least in part because the system includes "a connected network," including copiers, scanners, MFPs, and server-based software, that permits the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

290.    On information and belief, the Huhtamaki Americas IT System includes, among the plurality of external destinations, one or more of external devices, local files and applications that are responsively connectable to at least one locally and via the Internet.

291.    On information and belief, these devices, files and applications include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

292.    On information and belief, these devices, files and applications are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

293.    A first element of Claim 22 of the '410 Patent requires:

at least one memory storing a plurality of interface protocols for interfacing and communicating;

294.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one memory storing a plurality of interface protocols for interfacing and communicating."

295.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the first element of Claim 22 is provided above in connection with the identically worded element of Claim 1.

296.    A second element of Claim 22 of the '410 Patent requires:

> at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications,

297.    On information and belief, as set forth in more detail in the following paragraph, in the Huhtamaki Americas IT System made and used by Defendant there is "at least one processor responsively connectable to said at least one memory, and implementing the plurality of interface protocols as a software application for interfacing and communicating with the plurality of external destinations including the one or more of the external devices and applications."

298.    On information and belief, allegations and information sufficient to establish that the Huhtamaki Americas IT System satisfies the second element of Claim 22 is provided above in connection with the identically worded element of Claim 1.

299.    A third element of Claim 22 of the '410 Patent requires:

> wherein the computer data management system includes the capability of adding at least one of electronic document, data and paper processing with a single programming step.

300.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "includes the capability of adding at least one of electronic document, data and paper processing with a single programming step."

301.    On information and belief, the Huhtamaki Americas IT System stores and implements NSi OpenForms 360 software. Ex. B1.

302.    On information and belief, the Huhtamaki Americas IT System can and does implement the NSi OpenForms 360 software to provide "a forms processing solution . . . [which] can read both structured forms . . . and unstructured forms," and thereby, for example, includes the functionality of being able to "efficiently and easily automate their extensive invoice processing systems." Ex. B1.

303.    On information and belief, the storage and implementation by the Huhtamaki Americas IT System of the NSi OpenForms 360 software enables users to process electronic and paper documents with a single programming step.

N.     **Claim 25 of the '410 Patent**

304.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

305.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 25 of the '410 Patent.

306.    Claim 25 adds the following additional requirement:

> A computer data management system according to Claim 22, wherein the computer data management system includes at least one application programmer interface (API).

307.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "includes at least one application programmer interface (API)."

308.    On information and belief, the Huhtamaki Americas IT System stores and permits execution of DocuShare software. Ex. B1.

309.    On information and belief, DocuShare software includes a "[r]ich set of APIs."
Ex. B11.

**O.     Claim 27 of the '410 Patent**

310.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the
preceding paragraphs, and further alleges as follows.

311.    On information and belief, the Huhtamaki Americas IT System made and used by
Defendant infringes at least Claim 27 of the '410 Patent.

312.    Claim 27 adds the following additional requirement:

A computer data management system according to Claim 22, wherein the
computer data management system includes at least one interface to interface with
at least one of a plurality of external devices and a plurality of external
applications.

313.    On information and belief, as set forth in more detail in the following paragraph,
the Huhtamaki Americas IT System made and used by Defendant consists of "a computer data
management system according to Claim 22, wherein the computer data management system
includes at least one interface to interface with at least one of a plurality of external devices and a
plurality of external applications."

314.    The Huhtamaki Americas IT System stores and implements SMARTdocument
Travel software, and at least through the implementation of such software, for example, permits
"a single, consistent interface for all content, regardless of the format or source." Ex. B2.

**P.     Claim 28 of the '410 Patent**

315.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the
preceding paragraphs, and further alleges as follows.

316.    On information and belief, the Huhtamaki Americas IT System made and used by
Defendant infringes at least Claim 28 of the '410 Patent.

317.    Claim 28 adds the following additional requirement:

>    A computer data management system according to Claim 22, where the computer data management system is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images.

318.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images."

319.    On information and belief, the Huhtamaki Americas IT System exhibits this functionality as it provides "real time document processing and availability" and further enables users to "automate document capture, processing and distribution to virtually all business applications" and to "scan[] once and send[] to multiple locations." Ex. B1; Ex. B2.

320.    On information and belief, the above-described functionality ordinarily must be implemented by having the relevant devices and applications be linked together and in communication with each other.

**Q.    Claim 34 of the '410 Patent**

321.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

322.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 34 of the '410 Patent.

323.    The preamble of Claim 34 of the '410 Patent recites:

>    A computer data management system including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and

applications responsively connectable at least one of locally and
via the Internet, wherein the system comprises:

324.    On information and belief, whether or not the above preamble is construed as
limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set
forth below.

325.    On information and belief, as set forth in more detail herein, the Huhtamaki
Americas IT System made and used by Defendant is "a computer data management system
including at least one of an electronic image, graphics and document management system
capable of transmitting at least one of an electronic image, electronic graphics and electronic
document to a plurality of external destinations including one or more of external devices and
applications responsively connectable at least one of locally and via the Internet."

326.    On information and belief, the Huhtamaki Americas IT System made and used by
Defendant satisfies the elements of this preamble, at least in part because the system includes "a
connected network," including copiers, scanners, MFPs, and server-based software, that permits
the scanning of images to external destinations, including business applications, FTP sites, and
network folders. Ex. B1.

327.    On information and belief, the Huhtamaki Americas IT System includes, among
the plurality of external destinations, one or more of external devices, local files and applications
that are responsively connectable to at least one locally and via the Internet.

328.    On information and belief, these devices, files and applications include at least
PCs operating email software, networked storage and server hardware operating document
management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

329.    On information and belief, these devices, files and applications are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

330.    A first element of Claim 34 of the '410 Patent requires:

> a first application system to integrate an image using software so that the image gets seamlessly replicated into at least one of other devices and applications, and via the Internet;

331.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System there is "a first application system to integrate an image using software so that the image gets seamlessly replicated into at least on of other devices and applications, and via the Internet."

332.    On information and belief, this capability is made possible through the use of various components which enable the Huhtamaki Americas IT System to "automate document capture, processing, and distribution to virtually all business applications." Ex. B1.

333.    On information and belief, said first application is found within the SMARTdocument Travel software stored and implemented by the Huhtamaki Americas IT System.

334.    On information and belief at least through the implementation of such software, for example, causes the system to have the capability to "[s]can and send document to email and fax servers, Secure FTP site, network folders, database[s] and more." Ex. B2.

335.    A second element of Claim 34 of the '410 Patent requires:

> a second application system to integrate electronic images into existing applications without the need to modify the destination application;

336.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System there is "a second application system to integrate

electronic images into existing applications without the need to modify the destination application."

337.    On information and belief, said second application is found within the SMARTdocument Travel software stored and implemented by the Huhtamaki Americas IT System.

338.    On information and belief, the Huhtamaki Americas IT System makes use of email boxes and network folders (external destinations). Ex. B1.

339.    On information and belief, the SMARTdocument Travel software stored and implemented by the Huhtamaki Americas IT System provides this functionality by enabling a user to "[c]apture different types of content . . . and transform them into searchable PDF format without using additional client software at each desktop" and to "capture, process, and route [documents] to various applications." Ex. B2.

340.    A third element of Claim 34 of the '410 Patent requires:

> an interface comprising a software application that enables copying images between physical devices, applications, and the Internet using a single "GO" operation;

341.    On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System there is "an interface comprising a software application that enables copying images between physical devices, applications, and the Internet using a single "GO" operation."

342.    On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software, provides "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

343.     On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software enables "one-touch scanning into document management systems" the ability to "scan once and send to multiple destinations," and further permits "[o]ne-touch scanning from a centrally controlled Xerox digital copier or MFP." Ex. B2.

344.     A fourth element of Claim 34 of the '410 Patent requires:

> a third application system of adding at least one of electronic document and paper processing with a single programming step.

345.     On information and belief, as set forth in more detail in the following paragraphs, in the Huhtamaki Americas IT System there is "a third application system of adding at least one of electronic document, data and paper processing with a single programming step."

346.     On information and belief, the Huhtamaki Americas IT System stores and implements NSi OpenForms 360 software. Ex. B1.

347.     On information and belief, the Huhtamaki Americas IT System can and does implement the NSi OpenForms 360 software to provide "a forms processing solution . . . [which] can read both structured forms . . . and unstructured forms," and thereby, for example, includes the functionality of being able to "efficiently and easily automate their extensive invoice processing systems." Ex. B1.

348.     On information and belief, the storage and implementation by the Huhtamaki Americas IT System of the NSi OpenForms 360 software enables users to process electronic and paper documents with a single programming step.

**R.     Claim 37 of the '410 Patent**

349.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

350.     The Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 37 of the '410 Patent.

351.     Claim 37 adds the following additional requirement:

A computer data management system according to Claim 34, wherein the computer data management system includes at least one application programmer interface (API).

352.     On information and belief, as set forth in more detail in the following paragraphs, "includes at least one application programmer interface (API)."

353.     On information and belief, the Huhtamaki Americas IT System stores and permits execution of DocuShare software. Ex. B1.

354.     On information and belief, DocuShare software includes a "[r]ich set of APIs." Ex. B11.

**S.     Claim 39 of the '410 Patent**

355.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

356.     The Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 39 of the '410 Patent.

357.     Claim 39 adds the following additional requirement:

A computer data management system according to Claim 34, wherein the computer data management system includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications.

358.     On information and belief, as set forth in more detail in the following paragraph, the Huhtamaki Americas IT System "includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications."

359.    The Huhtamaki Americas IT System stores and implements SMARTdocument Travel software, and at least through the implementation of such software, for example, permits "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

**T.    Claim 40 of the '410 Patent**

360.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

361.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 40 of the '410 Patent.

362.    Claim 40 adds the following additional requirement:

> A computer data management system according to Claim 34, wherein the computer data management system is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images.

363.    On information and belief, as set forth in more detail in the following paragraphs, the Huhtamaki Americas IT System made and used by Defendant "is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images."

364.    On information and belief, the Huhtamaki Americas IT System exhibits this functionality as it provides "real time document processing and availability" and further enables users to "automate document capture, processing and distribution to virtually all business applications" and to "scan[] once and send[] to multiple locations." Ex. B1; Ex. B2.

365.    On information and belief, the above-described functionality ordinarily must be implemented by having the relevant devices and applications be linked together and in communication with each other.

**U.      Claim 41 of the '410 Patent**

366.     Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

367.     On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 41 of the '410 Patent.

368.     The preamble of Claim 41 of the '410 Patent recites:

> A computer data management method including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet, wherein the method comprises the steps of:

369.     On information and belief, whether or not the above preamble is construed as limiting, if construed as such, the Huhtamaki Americas IT System meets those limitations as set forth below.

370.     On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ "a computer data management method including at least one of an electronic image, graphics and document management system capable of transmitting at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations including one or more of external devices and applications responsively connectable at least one of locally and via the Internet."

371.     On information and belief, users of the Huhtamaki Americas IT System at least perform this step when they cause the system to transmit at least one of an electronic image, electronic graphics and electronic document to a plurality of external destinations, which can, for example, include PCs running email application software. Ex. B1.

372.     On information and belief, users of the Huhtamaki Americas IT System at least perform this step when they use the system which comprises at least in part "a connected network," including copiers, scanners, MFPs, and server-based software, that permits the scanning of images to external destinations, including business applications, FTP sites, and network folders. Ex. B1.

373.     On information and belief, the Huhtamaki Americas IT System includes, among the plurality of external destinations, one or more of external devices, local files and applications that are responsively connectable to at least one locally and via the Internet. Ex. B1.

374.     On information and belief, these devices, files and applications include at least PCs operating email software, networked storage and server hardware operating document management software, and MFPs. Ex. B1; Ex. B2; Ex. B3; Ex. B4.

375.     On information and belief, these devices, files and applications are linked by "a connected network" that is utilized by at least one server to run the SMARTdocument Travel and DocuShare software. Ex. B1; Ex. B3; Ex. B4.

376.     A first element of Claim 41 of the '410 Patent requires:

> integrating an image using software so that the image gets seamlessly replicated into at least one of other devices and applications, and via the Internet;

377.     On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do perform the recited step when they cause the system to "integrat[e] an image using software so that the image gets seamlessly replicated into at least one of other devices and applications, and via the Internet."

378.     On information and belief, users of the Huhtamaki Americas IT System can and do perform the recited step when they cause the system to implement the SMARTdocument

Travel and DocuShare components of the system to effect certain capabilities described below. Ex. B1.

379.    On information and belief, users of the Huhtamaki Americas IT System can and do perform the recited step when they cause the system to implement, for example, the SMARTdocument Travel and DocuShare components of the system, which can enable the system to "automate document capture, processing, and distribution to virtually all business applications" as well as capture content from "FTP sites, email boxes, and network folders." Ex. B1.

380.    On information and belief, users of the Huhtamaki Americas IT System can and do perform the recited step when they cause the system to implement, for example, the SMARTdocument Travel and DocuShare components of the system, which can enable the system to "[s]can and send documents to email and fax servers, Secure FTP site, network folders, database and more." Ex. B2.

381.    A second element of Claim 41 of the '410 Patent requires:

integrating electronic images into existing applications without the need to modify the destination application;

382.    On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant can and do perform the recited step when they cause the system to "integrat[e] electronic images into existing applications without the need to modify the destination application."

383.    On information and belief, users of the Huhtamaki Americas IT System can and do perform the recited step when they cause the system to implement, for example, the SMARTdocument Travel and DocuShare components of the system, which can enable the system to "[c]apture different types of content . . . and transform them into searchable PDF

format without using additional client software at each desktop" and to "capture, process, and route [documents] to various applications" without the need to modify such application destinations. Ex. B2.

384.　A third element of Claim 41 of the '410 Patent requires:

> interfacing via a software application enabling copying of images between physical devices, applications, and the Internet using a single "GO" operation;

385.　On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do perform the recited step when they cause the system to "interface[e] via a software application enabling copying images between physical devices, applications, and the Internet using a single "GO" operation."

386.　On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software, provides "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

387.　On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software enables "one-touch scanning into document management systems" the ability to "scan once and send to multiple destinations," and further permits "[o]ne-touch scanning from a centrally controlled Xerox digital copier or MFP." Ex. B2. The portion of the claimed method required by this element is performed at least when a user of the Huhtamaki Americas IT System causes the system to engage in the above-described functionality.

388.　A fourth element of Claim 41 of the '410 Patent requires:

> adding at least one of electronic document and paper processing with a single programming step.

389.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do perform the recited step when they cause the system to "add[] at least one of electronic document and paper processing with a single programming step."

390.    On information and belief, the Huhtamaki Americas IT System stores and implements NSi OpenForms 360 software. Ex. B1.

391.    On information and belief, the Huhtamaki Americas IT System can and does implement the NSi OpenForms 360 software to provide "a forms processing solution . . . [which] can read both structured forms . . . and unstructured forms," and thereby, for example, includes the functionality of being able to "efficiently and easily automate their extensive invoice processing systems." Ex. B1.

392.    On information and belief, the storage and implementation by the Huhtamaki Americas IT System of the NSi OpenForms 360 software enables users to process electronic and paper documents with a single programming step.

393.    On information and belief, integration of OpenForms 360 software into the Huhtamaki Americas IT System enables users to process electronic and paper documents with a single programming step.

394.    On information and belief, the portion of the claimed method required by this element is performed at least when a user of the Huhtamaki Americas IT System causes the system to engage in the above-described functionality.

## V.    Claim 44 of the '410 Patent

395.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

396.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 44 of the '410 Patent.

397.    Claim 44 adds the following additional requirement:

> A computer data management method according to Claim 41, wherein the computer data management method includes at least one application programmer interface (API).

398.    On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ the recited method when they cause a use of the system which "includes [use of] at least one application programmer interface (API)."

399.    On information and belief, the Huhtamaki Americas IT System stores and permits execution of DocuShare software. Ex. B1.

400.    On information and belief, DocuShare software includes a "[r]ich set of APIs." Ex. B11.

401.    On information and belief, the portion of the claimed method required by this element is performed at least when a user of the Huhtamaki Americas IT System causes the system to engage in the above-described functionality.

**W.    Claim 46 of the '410 Patent**

402.    Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

403.    On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 46 of the '410 Patent.

404.    Claim 46 adds the following additional requirement:

> A computer data management method according to Claim 41, wherein the computer data management method includes at least one interface to interface

with at least one of a plurality of external devices and a plurality of external applications.

405. On information and belief, as set forth in more detail in the following paragraphs, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ the recited method when they cause the system which "includes at least one interface to interface with at least one of a plurality of external devices and a plurality of external applications."

406. On information and belief, the Huhtamaki Americas IT System, at least, for example, through its storage and implementation of SMARTdocument Travel software, provides "a single, consistent interface for all content, regardless of the format or source." Ex. B2.

407. On information and belief, the portion of the claimed method required by this element is performed at least when a user of the Huhtamaki Americas IT System causes the system to engage in the above-described method employing the referenced interface functionality.

## X    Claim 47 of the '410 Patent

408. Plaintiff MPHJ re-alleges and incorporates herein all allegations made in the preceding paragraphs, and further alleges as follows.

409. On information and belief, the Huhtamaki Americas IT System made and used by Defendant infringes at least Claim 47 of the '410 Patent.

410. Claim 47 adds the following additional requirement:

A computer data management method according to Claim 41, where the computer data management method is capable of at least one of linking and communicating with a plurality of applications to enable a user to process files and electronic images.

411. On information and belief, as set forth in more detail in the following paragraph, users of the Huhtamaki Americas IT System made and used by Defendant can and do employ the

64

recited method when they cause the system to "link[] and communicat[e] with a plurality of applications to enable a user to process files and electronic images."

412.    On information and belief, users perform this step when the Huhtamaki Americas IT System is utilized to provide "real time document processing and availability" and enable users to "automate document capture, processing and distribution to virtually all business applications" and to "[s]can once and send to multiple destinations." Ex. B1; Ex. B2.

## JURY DEMAND

413.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MPHJ demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, MPHJ respectfully demands judgment for itself and against Defendant as follows:

A.    an adjudication that Defendant has infringed the '173 Patent;

B.    an adjudication that Defendant has infringed the '410 Patent;

C.    an award of damages to be paid by Defendant adequate to compensate MPHJ for its past infringements of the '173 and '410 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and enhanced damages for any willful infringement as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.    to the extent the Defendant's conduct subsequent to the date of its notice of the MPHJ Patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '173 and '410 Patents; and

    E.      an award to MPHJ of such further relief at law or in equity as the Court deems

just and proper.

Dated:  January 3, 2014                  STAMOULIS & WEINBLATT LLC

                                        */s/ Stamatios Stamoulis*
                                        Stamatios Stamoulis #4606
                                              stamoulis@swdelaw.com
                                        Richard C. Weinblatt #5080
                                              weinblatt@swdelaw.com
                                        Two Fox Point Centre
                                        6 Denny Road, Suite 307
                                        Wilmington, DE 19809
                                        Telephone: (302) 999-1540

                                        OF COUNSEL: (*pro hac vice* to be filed)

                                        W. Bryan Farney
                                              bfarney@farneydaniels.com
                                        Cassandra Klingman
                                              cklingman@farneydaniels.com
                                        Farney Daniels PC
                                        800 South Austin Avenue, Ste. 200
                                        Georgetown, Texas 78626
                                        (512) 582-2828

                                        M. Brett Johnson
                                              bjohnson@farneydaniels.com
                                        Farney Daniels PC
                                        8401 N. Central Expressway, Suite 280
                                        Dallas, Texas 75225
                                        (972) 432-5780

                                        *Attorneys for Plaintiff*
                                        *MPHJ Technology Investments, LLC*